IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, a California corporation, a/s/o UTStarcom, <br><br>   Plaintiff(s), <br><br> v. SPRINT NEXTEL CORP., a Kansas corporation, AFC WORLDWIDE EXPRESS, INC., a Georgia corporation, and CRST INTERNATIONAL, INC., an Iowa corporation, <br><br>   Defendant(s) | CIVIL ACTION <br> CASE NO. 08-CV-2551 CM/GLR |
| AFC WORLDWIDE EXPRESS, INC., <br><br>   Third-Party Plaintiff(s), <br><br> v. MANUEL NAVARRO, an individual, and ROES 1-through 10, inclusive, <br><br>   Third-Party Defendant(s) | |

**THIRD-PARTY COMPLAINT OF AFC WORLDWIDE EXPRESS, INC.**

Defendant/Third-Party Plaintiff AFC Worldwide Express, Inc. ("AFC") by its attorneys, Baker Sterchi Cowden & Rice, LLC, states as follows for its third-party complaint:

**Parties, Jurisdiction and Venue**

1. This Court has supplemental jurisdiction over this third-party complaint because third-party defendants J. Manuel Navarro ("Navarro"), and Roes 1 to 10, and each of them, are or may be liable to AFC for all or part of the claims asserted against AFC in the Complaint of Fireman's Fund Insurance Company, a/s/o UTStarcom (the "Plaintiff") in the above-captioned case. *See* Fed. R. Civ. P. 14(a) and (c), 28 U.S.C. § 1367(a).

## General Allegations

2.  AFC is, and at all material times herein was, a corporation duly organized and existing according to law.

3.  Navarro is, and at all times material herein was, an individual employed by or on behalf of defendant CRST International, Inc. ("CRST").

4.  AFC does not know the true names of third-party defendants sued herein as Roes 1 through 10, inclusive, each of which is responsible for the events and matters herein referenced, and each of which caused or contributed to the losses herein set forth.  Accordingly, AFC sues Roes 1-10 by such fictitious names.  AFC will amend its third-party-complaint to show the true names of said third-party-defendants when AFC ascertains the same.

5.  At all times mentioned herein, CRST was and has been an agent, servant, and/or employees of AFC, and, as such, was acting in the course and scope of its employment and/or agency at all times relevant to this action.

6.  At all times mentioned herein, Navarro and Roes 1-10, and each of them, were and have been agents, servants, and/or employees of CRST, and, as such, were acting in the course and scope of their employment and/or agency at all times relevant to this action.

7.  The Plaintiff has filed its Complaint in this Court alleging that AFC is liable for damages to Plaintiff.  AFC has filed an Answer to that Complaint wherein AFC denies that it is liable in any way to the Plaintiff.

8.  Navarro and Roes 1 to 10, and each of them, through their acts, omissions, breaches, negligence, and/or fault were legally responsible for the events and happenings referred to in the Plaintiff's Complaint, and for proximately causing the damages and/or loss allegedly incurred by the Plaintiff, if any, as Plaintiff proves at trial.  Accordingly, AFC demands judgment against Navarro and Roes 1 to 10, and each of them and in favor of AFC.

## FIRST CAUSE OF ACTION

### Indemnification

9. AFC realleges as though fully set forth at length and incorporated herein by this reference all of the allegations of paragraphs 1 through 8, inclusive, of the general allegations of its third-party complaint.

10. AFC is in no way responsible for the injuries or damages alleged in the Plaintiff's Complaint. But if AFC is nevertheless found liable under any legal theory for any damages or injuries alleged in the Plaintiff's Complaint, then the negligent or other actionable conduct or activity of Navarro and Roes 1 to 10, and each of them, was active, primary, and affirmative, and that any negligent or other actionable conduct or activity on the part of AFC, if any, was, at most, only passive, derivative, and secondary.

11. Accordingly, if AFC is held liable for any part of the claims asserted against it, AFC is entitled to total indemnification from Navarro and Roes 1 to 10, and each of them, so that AFC can recoup from and be reimbursed by Navarro and Roes 1 to 10, and each of them, any sum or sums that AFC must pay to the Plaintiff or to any other party to this action.

12. By reason of the foregoing allegations, AFC has incurred and/or paid expenses for the defense of the above-captioned lawsuit, including, but not limited to, attorneys' fees, court costs, expenses, and damages. AFC will also likely incur future additional attorneys' fees, court costs, expenses, and damages by reason of any judgment or settlement with any party to this action. Based on the foregoing, AFC seeks and is entitled to be indemnified and held harmless by Navarro and Roes 1 to 10, and each of them, for AFC's attorneys' fees, court costs, expenses, and damages incurred, paid, and/or owing. The aforementioned expenses are continuing and the aggregate amount is not presently known to AFC, which prays leave to amend its third-party complaint to assert the true amount of such expenses when they have finally been ascertained.

WHEREFORE, AFC prays for judgment on its First Cause of Action as follows:

1. For a judgment against Navarro and Roes 1 to 10, and each of them, and in favor of AFC;

2. For a judgment against Navarro and Roes 1 to 10, and each of them, by way of total indemnification for any sum adjudged against AFC, if any, in favor of the Plaintiff or any other party herein;

3. For a judgment against Navarro and Roes 1 to 10, and each of them, for AFC's attorneys' fees, court costs, expenses, and damages incurred in the litigation and expense and other costs of suit incurred herein; and

4. For such other and further relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION

### Apportionment Pursuant to 49 U.S.C. 14706(b)

13. AFC realleges as though fully set forth at length and incorporated herein by this reference all of the allegations of paragraphs 1 through 12, inclusive, of the general allegations of its third-party complaint.

14. AFC is in no way responsible for the injuries or damages alleged in the Plaintiff's Complaint. If AFC is nevertheless found liable under any legal theory for any damages or injuries alleged in the Plaintiff's Complaint, then Navarro and Roes 1 to 10, and each of them, were carriers over whose line or route the damages and injuries alleged in Plaintiff's Complaint occurred.

15. Pursuant to 49 U.S.C. 14706(b), if AFC were to be held liable for any part of the claims asserted against it, AFC would be entitled to recover from Navarro and Roes 1 to 10, and each of them, the amount AFC must pay to the Plaintiff or to any other party to this action, as well as all expenses, including attorneys' fees, incurred in defending this action.

WHEREFORE, AFC prays for judgment on its Second Cause of Action as follows:

1. For a judgment against Navarro and Roes 1 to 10, and each of them, and in favor of AFC;

2. For a judgment against Navarro and Roes 1 to 10, and each of them, pursuant to 49 U.S.C. 14706(b) for any sum adjudged against AFC, if any, in favor of the Plaintiff or any other party herein;

3. For a judgment against Navarro and Roes 1 to 10, and each of them, for AFC's attorneys' fees, court costs, expenses, and damages incurred in the litigation and expense and other costs of suit incurred herein; and

4. For such other and further relief as the Court deems just and proper.

Respectfully Submitted,

/s/ John W. Cowden
John W. Cowden    KS Fed#70046
John E. Patterson    KS #22172
BAKER STERCHI COWDEN & RICE, L.L.C.
2400 Pershing Road, Suite 500
Kansas City, MO  64108
(816) 471-2121
Fax (816) 472-0288

**ATTORNEYS FOR DEFENDANT
AFC WORLDWIDE EXPRESS, INC.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 6th day of January, 2009, I electronically filed the foregoing Third-Party Complaint with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Dan Biles KS #09711
Robert F. Flynn KS#22649
Gates, Biles, Shields & Ryan P.A.
10990 Quivira, Suite 200
Overland Park, Kansas 66201-0222
danbiles@gbsrlaw.com
robertflynn@gbsrlaw.com

Jennifer Poynter
Cozen O'Connor
707 17th Street, Suite 3100
Denver, CO 80202-3432
jpoynter@cozen.com

**ATTORNEYS FOR PLAINTIFF**

Michael J. Wyatt
Christopher A. McElgunn
Klenda, Mitchell, Austerman &
Zuercher, L.L.C.
301 N. Main, 1600 Epic Center
Wichita, KS 67202-4888
mwyatt@kmazlaw.com
cmcelgunn@kmazlaw.com

**ATTORNEYS FOR DEFENDANT**
**CRST INTERNATINAL, INC.**

                        /s/ John W. Cowden
                        **ATTORNEY FOR DEFENDANT**
                        **AFC WORLDWIDE EXPRESS, INC.**